Attachment 1

September 19, 2022

Ashley Akers
Trial Attorney
  Detailed to U.S. Attorney's Office
  For the District of Columbia
*Counsel for the United States*

**VIA EMAIL**

RE:  *United States v. Price* (Case No. 1:21-cr-00719-JEB)

Dear Counsel:

Pursuant to Federal Rule of Criminal Procedure 16, Local Criminal Rule 5.1, and other applicable authority, the Prices formally request all information discoverable in this case.  This letter follows up and adds specifics to some of the *Brady* material discussion in the letter sent June 30, 2022.  That letter included, among other points, obligations as described in *United States v. Safavian*, 233 F.R.D. 12, 16 (2005), *reconsideration denied*, 233 F.R.D. 205 (D.D.C. 2006), including the obligation and affirmative duty to search materials of other branches of the government closely aligned with the prosecution.   Secret Service, U.S. Capitol Police and Federal Bureau of Investigation have been constant witnesses for the prosecution, and all have enforcement responsibilities directly related to the events of January 6, 2021; consequently, there is an affirmative obligation to produce *Brady* material in the possession of these agencies. Section C of the June 30, 2022 letter covers certain *Brady* and Fed R. Crim. Proc. 16 issues in the context of the instant case. The instant letter provides greater detail and specific requests but are also related to that prior discussion.

Please provide a written response to these requests as soon as possible. Below is a list of the specific items requested:

1. Any communications including text messages, emails, radio calls and/or other communications to or from any party, including but not limited to the Secret Service, the U.S. Capitol Police, the District of Columbia Metropolitan Police Department, or officials determining the security for or the course of the certification proceedings held on January 6, 2021 and pertaining to:

    A. The decision by any party to declare parts of the Capitol Grounds and Complex restricted (including identification of any such restricted area under purported authority of , and the elements or mechanisms by which any such restricted area would be set out) and any steps taken to communicate any such restricted to the public, the organizers of the earlier rally of President Trump, and the Secret Service in charge of security either at the rally or the Capitol or Capitol Grounds.

    B. the reasons that the certification proceedings were delayed until such proceedings began later in the evening;

    C. the status of any sign postings, bicycle racks, fencing, police cordons or other restrictions or public address announcements at the Capitol or Capitol grounds on January 6, 2021 including after the certification proceedings were halted that would in any way block or warn of restrictions from the grounds to the Senate Wing Door including to the upper North Terrace and Upper Terrace generally;

    D. The threats to the Capitol or the certification proceedings with respect to any party in advance of the time the certification proceedings were under way or halted, including before January 6, 2021, and after the proceedings were suspended;

    E. Any plans, tactics or operations, to address the threats in paragraph C. above.

F. The status of open or unlocked doors at the Capitol on January 6, 2021 after the certification proceedings were halted;

G. The instructions (verbal or otherwise) of any police officer to any member of the public at the Senate Wing Door or near the Senate Wing Door, and the conduct of such officers that was observable to the public (including, especially, conduct that could have been construed as instructions, warnings, or tactic approval of any conduct of the public, e.g. entering or remaining the building or premises);

H. The identity and/or actions of any party working in cooperation with the Federal Bureau of Investigation, Secret Service or any police force who encouraged any activity among the crowd at the Capitol or Capitol Grounds on January 6. 2021; and

I. Discussion of steps for the police to take after the suspension of the proceedings on January 6, 2021.

J. Any and all information pertaining to the investigation of the Secret Service after the Department of Homeland Security learned of the deletion of messages before and after January 6, 2021.[1] More specifically, and in addition, letters or memoranda detailing efforts or lack of efforts to preserve these text messages and reasons for the failure to preserve.

K. Any and all information, video, or audio evidence regarding the government's investigation into the pipe bombs that were found on January 6, 2021 that were planted the night before near the Democratic and Republican Party headquarters.

---

[1] Secret Service identified potential missing text messages on phones of 10 individuals - CNNPolitics; Secret Service erased Jan. 6 texts after officials requested them, watchdog says : NPR

        Any information should include, but is not limited to, reports of investigation detailing when the government learned of their existence and any response or action taken.

L.  Any communications between former President Trump's former staff on the day of January 6, 2021, regarding any potential steps to communicate to the crowd regarding any purported restrictions at the Capitol or Capitol Grounds, steps encouraging the crowd to go to the Capitol, or steps to coordinate with the Secret Service or Capitol Hill police in regard to security on January 6, 2021.

**2.  Grand Jury Transcripts**

Please produce the grand jury testimony of all witnesses in this case as well as any exhibits admitted and relied upon by the government.

**3.  Search Warrant Affidavits**

Please produce any search warrant affidavits in this case.

    All of these requests are pursuant to Fed. R. Crim. P. 16(a)(1)(E); *see also Brady*, 373 U.S. 83 (and its progeny); *Giglio*, 405 U.S. 150 (and its progeny); *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (citing Fed. R. Crim. P. 16) (holding inculpatory evidence is not immune from disclosure); *Kyles v. Whitley*, 514 U.S. 419, 433-36 (1995) (evidence is materially exculpatory if there is any reasonable probability that, considering the evidence, the results of trial or sentencing would be different).

Sincerely,

_____/s/_ Nandan Kenkeremath

Nandan Kenkeremath
*Counsel for Defendants*