UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYNTHIA BALLENGER and<br>CHRISTOPHER PRICE,<br><br>Defendants. | Criminal Action No. 21-719 (JEB) |

MEMORANDUM OPINION

Awaiting trial on a four-count Information that charges them with crimes in relation to the January 6, 2021, insurrection at the United States Capitol, Defendants Cynthia Ballenger and Christopher Price now move to dismiss the case against them. Although their Motion is stacked with different legal theories, all are either infirm or premature. The Court, accordingly, will deny it.

I.    Background

According to the Affidavit filed in support of the Complaint in this matter, Ballenger and Price traveled from their home in Emmitsburg, Maryland, to D.C. on January 6. See ECF No. 1-1 (Aff.) at 2. They entered the Capitol at 3:22 p.m. and remained there for seven minutes. Id. at 3. Before entering, Price sent a text message stating, "We're just taking over the capitol." Id. at 6. He then sent one saying, "Broken glass everywhere" and "Climbing through the window." Id. A few minutes later, he texted, "Worth fighting for Trump." Id. at 7.

Defendants are charged via Information with four counts: i) Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); ii) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

1

iii) Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and iv) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).  See ECF No. 38 (Information).

They now move to dismiss the Information.  See ECF No. 54 (MTD).

**II.     Legal Standard**

Prior to trial, a defendant may move to dismiss an indictment or information on the basis that there is a "defect in the indictment or information" including a "failure to state an offense." Fed. R. Crim P. 12(b)(3)(B)(v).  "The operative question is whether the allegations, if proven, would be sufficient to permit a jury to" conclude that the defendant committed the criminal offense as charged.  United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 107 (D.D.C. 2012); United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011).  Like an indictment, an information "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974).  A court accordingly cabins its analysis to "the face of the indictment and, more specifically, the language used to charge the crimes." United States v. Sunia, 643 F. Supp. 2d 51, 60 (D.D.C. 2009) (emphases and internal quotation marks omitted).

**III.    Analysis**

In seeking dismissal, Defendants raise a series of arguments, which the Court addresses in turn.

A. Sufficiency of Information

Ballenger and Price spend much of their Motion contending that the Information does not lay out in detail the facts underlying each of the charged offenses.  See, e.g., MTD at 9–16.  This

is not necessary. "It is generally sufficient that an indictment [or information] set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). "[T]o be sufficient, [it] need only inform the defendant of the precise offense of which he is accused so that he may prepare his defense and plead double jeopardy in any further prosecution for the same offense." United States v. Verrusio, 762 F.3d 1, 13 (D.C. Cir. 2014). The Information in this case does precisely this, setting out in clear and unambiguous terms the four offenses with which Defendants are charged.

While an indictment or information need only allege "the essential facts constituting the offense charged," Fed. R. Crim. P. 7(c)(1), a defendant may request additional information through a bill of particulars "to ensure that the charges brought against [him] are stated with enough precision to allow [him] to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Unlike a Rule 12 motion, the court may look beyond the indictment or information to determine, in its discretion, whether to direct the Government to file a bill of particulars. Id.; see also Fed. R. Crim. P. 7(f). If discovery would provide a defendant with sufficiently precise information, however, then a bill of particulars is not warranted. United States v. Mosquera-Murillo, 153 F. Supp. 3d 130, 152 (D.D.C. 2015). In this case, no bill of particulars is necessary given the voluminous discovery provided, including videos and still photographs. Defendants have sufficient understanding of the charges against them and the bases therefor.

B.  Legal Challenges

Defendants also raise multiple legal challenges to various counts, almost all of which have been rejected by other courts in this district in relation to January 6 defendants.

First, they assert that only the U.S. Secret Service, not the U.S. Capitol Police, can designate restricted areas under 18 U.S.C. § 1752.  See MTD at 16–19.  This Court, though, has previously held, "The text [of § 1752] plainly does not require that the Secret Service be the entity to restrict or cordon off a particular area."  United States v. Mostofsky, 579 F. Supp. 3d 9, 28 (D.D.C. 2021).

Ballenger and Price also believe that they did not violate § 1752 because Vice President Pence was not "temporarily visiting" the Capitol on January 6.  See MTD at 19–21.  Section 1752(c)(1)(B) defines "restricted buildings or grounds," in relevant part, as "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting" (emphasis added). Many judges in this district have disagreed with Defendants' suggestion that Vice President Pence was not temporarily visiting the Capitol, given that this term logically describes what he was doing on January 6.  See ECF No. 64 (Gov't Opp.) at 12 (collecting myriad cases).

Defendants next raise overbreadth and vagueness challenges under the First and Fifth Amendments to the charge under 40 U.S.C. § 5104(e)(2)(G).  See MTD at 34–36.  The Court has already rejected those in a recent Order relating to their stand-alone Motion to Dismiss Count IV. See ECF No. 70.

Ballenger and Price also maintain that the Superseding Information violates the prohibitions against double jeopardy and multiplicity.  See MTD at 36–38.  "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory

4

provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Id. (citing Morey v. Commonwealth, 108 Mass. 433, 434 (1871)). Here, § 1752(a)(1) criminalizes "enter[ing] or remain[ing] in any restricted building or grounds without lawful authority," while (a)(2) penalizes "engag[ing] in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds." As a result, the former is not a lesser-included offense of the latter since violating (a)(1) requires one to be in the restricted area, while (a)(2) does not; and violating (a)(2) requires that one engage in disruptive conduct, while the same is not true for (a)(1). Similarly, 40 U.S.C. § 5104(e)(2)(G), which forbids one to "parade, demonstrate, or picket in any of the Capitol Buildings," is not duplicative of § 1752 since the former does not require entry into or proximity to a restricted area, while the latter does; in addition, § 1752(a)(2) requires disorderly or disruptive conduct, which § 5104 does not.

Finally, Defendants' Motion is replete with other contentions that the Affidavit does not sufficiently establish violations of certain counts. See, e.g., MTD at 24–25, 28–29. While Ballenger and Price largely rely on the facts contained in the Affidavit, the Government is not limited to those facts at trial. Indeed, it may introduce any admissible evidence that it wishes, whether contained in the Affidavit or not. It is thus premature for the Court to rule on Defendants' challenges without seeing the evidence. After the Government rests, Defendants are welcome to move for judgment of acquittal under Federal Rule of Criminal Procedure 29 and,

depending on what the evidence is, make some of the same arguments they advance here. That will be the time for the Court to decide these issues.

### IV.     Conclusion

For the foregoing reasons, the Court will issue a contemporaneous Order denying Defendants' Motion to Dismiss.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  October 26, 2022