UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**CYNTHIA BALLENGER and CHRISTOPHER PRICE,**<br><br>Defendants. | Case No. 1:21-cr-00719 (JEB) |

**DEFENDANTS MOTION TO RECONSIDER DEFENDANTS' SECOND MOTION TO DISMISS COUNT IV OF THE SUPERSEDING INFORMATION BASED ON A FACIAL CHALLENGE TO 40 U.S.C. §§5104(e)(2)(G) AND MOTION FOR DECLARATORY JUDGMENT UNDER 28 U.S.C § 2201 BASED ON THE FACIAL CHALLENGE**

**ARGUMENT**

In an opinion dated October 24, 2022 [ECF 70], this Court issued a short opinion and denial of the Prices' Motion [ECF 55 and 55-1] stating, in part:

In their Motion, Ballenger and Price contend that 40 U.S.C. § 5104(e)(2)(G), the violation of which underlies Count IV, is facially unconstitutional both for being overbroad in violation of the First Amendment and for being vague in violation of the Fifth. The Court need not reinvent the wheel, as Judge John Bates of this district just last month issued a detailed opinion rejecting both of these claims. *See United States v. Nassif*, No. 21-421, 2022 WL 4130841

1

(D.D.C. Sept. 12, 2022). Persuaded by his reasoning, the Court will adopt that opinion and deny the Motion.

The Prices provide this motion for reconsideration because the *Nassif* Opinion does not address the Prices' core arguments. Moreover, the *Nassif* Opinion does not appear to be explicitly consistent with the construct and Constitutional limitation as stated in *Bynum v. U.S. Capitol Police Bd.,* 93 F. Supp. 2d 50, 53 (D.D.C. 2000). Specifically, the focus in *Bynum* is to preserve non-disruptive First Amendment modes of expression and only accept disruptive conduct as a valid reason to limit a First Amendment mode of expression.

I. **The Nassif Opinion Fails to Address the Prices' Argument That 5104(e)(2)(G) Is Not Necessary or Useful Since Other Provisions Properly Address Disruptive Conduct, Even Where Such Conduct Is Part of a Mode of Expression**

40 USC § 5104(e)(2)(G) criminalizes conduct constituting First Amendment modes of expression BECAUSE such conduct is a First Amendment mode of expression. The proper route is to regulate using crowd management terms not First Amendment modes of expression terms. In many cases 5104(e)(2)(D), or something that could be similarly drafted, prevents the "demonstrations" if they pose crowd management problems. The Prices are not arguing the First Amendment trumps crowd management rules in the Capitol. The Prices are arguing that it violates the First and Fifth Amendment to punish people only because of First Amendment modes of communication with no qualifier on whether such mode is disruptive

2

The Opinion in *United States v Nassif*, 1:21-cr-00421 (JDB) (September 12, 2022) responds to arguments made by Mr. Nassif and not the Prices. It is the obligation of the Court to address the Prices' legal argument and they are not the same. The *Nassif* opinion was issued 2 days before the Prices provided their reply brief. The Prices did not have a meaningful opportunity to find the *Nassif* opinion at the time and would also seek an opportunity to respond and explain the issues in that opinion.

It is inappropriate to say Judge Bates rejected the Prices' legal argument. Certainly, the Prices' theory, like Mr. Nassif's theory, involve the First and Fifth Amendment overbreadth and vagueness issues. The Prices' core argument is that 40 USC §5104(e)(2)(G) fails muster under the First and Fifth Amendments, even accepting a legal standard that asks whether the restrictions are "reasonable in light of the purposes served by the forum" *Nassif* Opinion at 7. [Citations omitted]. Specifically, the Prices state that 40 USC § 5104(e)(2)(G) regardless of which First Amendment standards apply. [ECF 55-1 at 12].

The Prices argue there is no valid reason for First Amendment modes of expression to be criminally punished ahead of similar non-first amendment activity that poses the same risk. [ECF 55-1 at 13]. The Prices specifically note that 40 USC § 5104(e)(2)(d)-(f) or other rules of crown management accomplish the Congressional purposes and do not specifically and fully ban three First Amendment modes of expression. [ECF 55-1 at 13]. The Prices note in the reply brief:

3

The basic point is that it is not reasonable to restrict First Amendment modes that are not disruptive and the Congressional concerns can be addressed with language that does not address First Amendment modes of expression.  40 USC § U.S.C 5104 (e)(2)(D) is an example and the Government has given no example where the Prices analysis is incorrect. [ECF 67 at 6].

The Prices further note:

"Reasonable" is about the trade-offs between the reasons for restricting First Amendment activity and the loss from 1) restricting First Amendment Activities, 2) overbreadth under the First Amendment, 3) overbreadth problems under the Fifth, 4) Vagueness and Fair Notice issues under the Fifth Amendment, 5) selective enforcement issues under the Fifth Amendment. [ECF 67 at 6-7].

Nowhere does the *Nassif* Opinion address the relationship of 40 USC §5104(e)(2)(G) to the other provisions in 40 USC § 5104(e)(2).  Thus, the opinion fails to address a core argument of the Prices.

A case cited in *Nassif* Opinion illustrates the Prices' argument that 40 USC § 5104(e)(2)(G) adds nothing. *Nassif* cites *United States v. Barry*, Magistrate Case No. 18-00111 (RMM) (D.D.C. Jun. 5, 2019) for the proposition that 40 USC § 5104(e)(2)(G) has been applied to demonstration activities regarding the nomination of Justice Brett Kavanaugh.  *Nassif* Opinion at 9.[1]  In *Barry* the fact pattern was

---

[1] The single example in *Barry* does not show that 40 USC § 5104(e)(2)(G) has a history of even application.  One case does not compare to the many January 6th cases.

that Barry pulled out a large sign and stood on top of his chair and allegedly began shouting in the direction of the hearing committee members. *Barry* at 2. When approached by the officers, Mr. Barry allegedly leapt from his row of chairs to the row in front of him, causing a chair to dislodge towards other attendees behind him and allegedly injuring another hearing attendee. The officers then removed Mr. Barry from the hearing room, while he allegedly continued to shout, carrying him out by his arms and legs.  Mr. Barry was then arrested and charged in D.C. Superior Court with three D.C. Code offenses: Unlawful Conduct Capitol Grounds, Resisting Arrest, and Disorderly Conduct. The United States transferred Mr. Barry's D.C. Superior Court matter to this Court and filed an Information charging Mr. Barry with one count of Unlawful Disorderly and Disruptive Conduct and Picketing, Parading, and Demonstrating on United States Capitol Grounds, in violation of 40 U.S.C  5104(e)(2)(D) and (G). *Id.*

The Prices' point is Barry's conduct was fully covered under 40 USC §5104(e)(2)(D) because his conduct was disruptive.  There is no additional benefit to 40 USC §5104(e)(2)(G) which flatly bans 3 modes of First Amendment expression including in the hallways of Capitol Buildings.  What if Mr. Barry had loudly argued with someone in the audience.  That would still be disruptive and arguably not a demonstration.  The disruption is the same and there should not be greater sanctions for one circumstance than the other.

## II. The Nassif Opinion Fails to Properly Discuss the Disruptive/Non-disruptive Distinction

*Bynum v. U.S. Capitol Police Bd.,* 93 F. Supp. 2d 50, 53 (D.D.C. 2000) overturned regulations purporting to interpret 5104(e)(2)(G) on Constitutional grounds. With respect to the First Amendment the *Bynum* Court states:

> The Court, however, cannot conclude that the regulation is reasonable in light of the purposes it could legitimately serve. While the regulation is justified by the need expressed in the statute to prevent disruptive conduct in the Capitol, it sweeps too broadly by inviting the Capitol Police to restrict behavior that is in no way disruptive…*Id.* at 57 (Citations omitted)

With respect to Due Process and unconstitutional vagueness, the *Bynum* Court states, in part:

> In fact, the definition of "demonstration" in the regulation encompassing all expressive conduct, whether disruptive or not …. *Id.* at 58.

*Bynum*, like the Prices, evaluates of the neighboring sections 40 U.S. 5104(e)(2)(D)-(F) [referred to in *Bynum* by the predecessor numbers 40 USC 193(b)(4)-(6)]. *Bynum* states the "police could properly use the statutory standards of Section 5104(e)(2) [193f(b) at the time] itself to control, for example, groups of people praying in a way that impeded or obstructed passageways, hearings or meetings, involved loud, threatening or abusive language or physical violence. *Id.* at 58. This same basic point is made in the Price motion and not considered at all in *Nassif*.

The *Bynum* court analysis must apply as much to a Court interpretation as a rule. The Courts cannot, consistent with *Bynum*, erode First and Fifth Amendment protections through overbroad and vague interpretations that do not meet the reasonableness test *See also Lederman v. U.S.*, 291 F.3d 36 (D.C. Cir. 2002) (reviewing facial First Amendment challenge to a regulatory prohibition on demonstration activities outside Capitol building). As stated in *Lederman*,

6

We hold only that, as currently written, the demonstration ban imposes "a serious loss to speech . . . for a disproportionately small governmental gain," *Citing White House Vigil for the ERA Comm. v. Clark,* 746 F.2d 1518, 1544 (D.C. Cir. 1984)(Wald, J. concurring in the judgement in part and dissenting in part on other grounds). *Lederman* at 46

The *Nassif* Opinion. on the other hand, states "…. this Court need not decide whether 40 USC §5104(e)(2)(G) bars only disruptive conduct to conclude that it is not overbroad; instead, it is enough that the statute is limited to the interior of the Capitol building, is view point, neutral, and is reasonable in light of the statute's purposes." This is not correct under the First and Fifth Amendment. The Prices' point is that the reasonableness test itself asks, among other issues, whether the statute, and any judicial construction, has a negative impact on non-disruptive, First Amendments modes of expression. Criminalizing non-disruptive First Amendment modes of expression is of the negative side of the ledger for the reasonableness test.

The *Nassif* Opinion also incorrectly states the reasonableness test when it states "…it targets activities that Congress reasonably could have concluded would disrupt its legislative process." The test is not about what Congress could have reasonably concluded. The test is whether the approach IS reasonable by comparing the benefits to minimizing disruption to the downsides of eroding First and Fifth amendment principles and values.

7

The *Nassif* Opinion statement that "…it is reasonable for Congress to effect this purpose by providing "rules that members of Congress must follow, as well as rules for their constituents, "to ensure that the Capitol is used in support of the Congress's primary work: legislating. [Citing Bynum at 55-56].  This sentence tells us nothing about whether 40 USC §5104(e)(2)(G) is reasonable or not.  Congress enacted the entire 40 USC § 5104 sequence and other laws.  Only 40 USC § 5104(e)(2)(G) bans three specific modes of First Amendment expression.  The question is what value does 40 USC § 5104(e)(2)(G) add relative to other provisions governing crowd management?

During the Kavanaugh hearing here was expressive conduct in the hallways what the Prices do not consider disruptive, unless there is information for which the Prices are not aware.  One example involves these pictures of the "Hand Maids" who were showing disapproval of the Kavanaugh nomination in the Senate buildings.



Exhibit A found at https://dcist.com/story/18/09/04/kavanaugh-hearing-arrests/

8



Exhibit B found at https://www.cnn.com/2018/09/05/politics/kavanaugh-senate-hearing-handmaids-tale-protesters/index.html

Similarly, other people wore veils and tape over their mouths in the hallways of the Senate Hart building.



Exhibit C found at

https://www.freep.com/story/news/local/michigan/2018/09/10/brett-kavanaugh-protesters-michigan-supreme-court-womens-march/1227511002/

More recently members of two youth-led organizations pushing for a Green New Deal were in the House office buildings.

9



Exhibit D found in https://www.vox.com/energy-and-environment/2018/11/14/18094452/alexandria-ocasio-cortez-nancy-pelosi-protest-climate-change-2020

Representative Alexandria Ocasio Cortez met with these individuals.



Exhibit E.  Id.

While the Prices may not be aware of all of the information, the Prices do not consider Exhibits A-E disruptive as long as people cleared out when asked to by police or other authorities.

The question is whether or how does the language in the *Nassif* Opinion distinguish these non-disruptive activities? Two statements in Nassif, at least, provide no such separation. First Nassif explains that "…40 USC §5104(e)(2)(G) prohibits taking part in an organized demonstration or parade that advocates a particular viewpoint." Nassif Opinion at 13. There are several points to make about this cursory statement. First, this statement does not adopt the disruptive/non-disruptive distinction which is the Constitutional underpinning of *Bynum*. Second, neither the terms "organized" nor "advocates a particular viewpoint" would appear to distinguish Exhibits A-E from the proscription. Does this Court want to make a crime out of non-disruptive conduct such as the conduct shown in Exhibits A-E above. The *Nassif* Opinion then turns to the term "demonstration" using language from dictionaries. The *Nassif* Opinion suggests such term could include "to make a public demonstration" or "to make a public display of sentiment for or against a person or cause." *Nassif* Opinion at 12. Literally, public display could apply to parties that attend public hearings in Congress as witnesses, particularly if they use a display.

### III. The Nassif Opinion Fails to Address the Prices' Arguments Related to the *Rivera* Case

The Nassif Opinion refuses to review the problems created in *United States v. Rivera*, CRIMINAL ACTION 21-060 (CKK) (D.D.C. Jun. 17, 2022). Nassif Opinion at 8. Again, the Nassif Opinion states the Court need not decide whether 5104(e)(2)(G) and did not address any issues from Rivera. For the Prices the

11

problems with the *Rivera* opinion is a discrete part of the analysis. ECF 55-1 at 17-19 and ECF 67 at 11-13. The Prices highlight some the terms Rivera argues are not vague in the dictionary definition approach:

--"a public display of group feelings towards a person or cause…"

--"Peaceful demonstrations against the government."

Yet, the Prices do not believe these terms are clear and not per se necessary to address disruptive conduct.

The Prices in their argument had presented other issues from *Rivera* as the opinion states:

> Defendant primarily argues that because he was "recording" as a "videographer," he was not "parading or "demonstrating." The two, however, are not mutually exclusive. In truth, Defendant acted more as a social media influencer might, frequently urging his followers to "share, share, share."[citation omitted] Sharing, Rivera may have hoped, could have helped him "get [his][addition in original] name out there," one of Rivera's stated reasons for going to the Capitol on January 6, 2021. [citation omitted]. Indeed just before he joined the crowd, he was primarily concerned that no one appeared to be watching his Facebook Live [citation omitted]

As noted, camera's, smart phones and recording are all allowed in the Capitol Buildings in most places. So, would the relationship to social media turn recording and commenting on a smart phone into conduct that is "demonstrating?" This was apparently relevant to one U.S. district court judge. The consequences of such an approach are extremely broad and a needless attack on the First Amendment with no correlative benefit to avoiding disruption in Capitol Buildings. Could one not walk around with a podcast and talk to people about the debt or war? What if someone broadcasts from his or her smart phone and criticizes the government on

that broadcast?  That action poses no security issue yet could arguably be viewed as "demonstrating".   Or is that reporting?

The *Rivera* opinion's use of *Brown v. Louisiana* 383 U.S. 131 (1966) and *Clark v. Cmty for Creative Non-Violence*, 468 U.S. 288, 293 (1984) is revealing of the Constitutional problem.  The opinion cites to *Brown* as evidence that the term "demonstrating" for purposes of a criminal statute includes the right to "protest by silent and reproachful presence" citing *Brown* at 142. Opinion at footnote 16. However, *Brown*, and the Constitution demand the opposite result. *Brown* is highlighting that protest by silent reproachful presence is constitutionally protected under the First Amendment. On that basis, the Court overturned the conviction. Indeed, the Court in *Brown* stated:

> Petitioners' conduct was considerably less disruptive than in any of the preceding three situations in which this Court invalidated convictions under the same Louisiana statute or its predecessor, *Garner* v. *Louisiana*, 368 U.S. 157; *Taylor* v. *Louisiana*, 370 U.S. 154; and *Cox* v. *Louisiana*, 379 U.S. 536. Pp. 133-135, 139-140. *Brown* at 132.

The *Rivera* opinion shows the direct problem.  The broad and ambiguous definition of "demonstration" is synonymous with the term that is Constitutionally protected and provides no other qualifier other than the *mens rea* requirements. Similarly, The *Rivera* opinion claims at footnote 16 that mere presence within a

13

demonstration, is itself demonstrating (citing to *Clark* at 293). *Clark* was suggesting the breadth of Constitutional protection:

> We need not differ with the view of the Court of Appeals that overnight sleeping in connection with the demonstration is expressive conduct protected to some extent by the First Amendment. We assume for present purposes, but do not decide, that such is the case.

The *Rivera* opinion shows the direct problem. The broad and ambiguous definition of "demonstration" is synonymous with the term that is Constitutionally protected and provides no other qualifier other than the *mens rea* requirements. The *Rivera* opinion equates the breadth of the criminal *actus reus* in 40 USC §5104(e)(2)(G) to the breadth of the Constitutional protection. A peaceful demonstration, meaning complaining in a smartphone to an audience not at the Capitol, somehow becomes a criminal violation.

## IV. The Nassif Opinion Does Not Address the Prices' Argument That Statute Impermissibly Creates a Two-Tiered Set of Standards Which Is Not Consistent with the First Amendment

The Prices argued that connection of 40 USC § 5104(e)(2)(G) to the Exclusion in 40 U.S.C. (e) creates a two-tiered system that undermines the First and Fifth Amendments. [ECF 55-1 at 5 and 19-20; ECF 67 at 18-19]. The Nassif Court does not address that 40 USC § 5104(e)(2)(G) basically excludes the actions of Members of Congress, employees of a member of Congress, an officer or employee of Congress or a committee of Congress, or an officer or employee of either House of Congress or a committee of that House. See 40 USC § 5104(e)(3). Thus, 40 USC § 5104(e)(2)(G) is not a rule that members of Congress must follow. The Nassif Opinion does not address the issues raised by the Prices.

## CONCLUSION

For the forgoing reasons, the Prices respectfully request that the Court reconsider the Courts order of October 24, 2022 [ECF 70] ad enter an order finding 40 U.S.C. § 5104(e)(2)(G) fails the First and Fifth Amendments of the U.S. Constitution for the reasons stated above and also dismissing Count IV of the Information based on such a finding. The Prices request an opportunity for oral argument on this set of issues.

Dated: November 2, 2022                             Respectfully submitted,


                                                    /s/ Nandan Kenkeremath

                                                    Nandan Kenkeremath
                                                    DC Bar 384732
                                                    USDC DC 384732
                                                    2707 Fairview Court
                                                    Alexandria, Virginia 22311
                                                    703-407-9407

                                                    *Counsel for Defendants*