**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 21-cr-719 (JEB)** |
| **v.** | : | |
| | : | |
| **CYNTHIA BALLENGER, and** | : | |
| **CHRISTOPHER PRICE,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS'**
**MOTION TO RECONSIDER THE DENIAL DEFENDANTS'**
**SECOND MOTION TO DISMISS COUNT IV**

The United States, by and through undersigned counsel, respectfully requests that the

Court deny defendants' motion to reconsider, ECF No. 76 ("Mot.").  Although Judge Bates in

*United States v. Nassif* reserved on the question of whether 40 U.S.C. § 5104(e)(2)(G)

encompasses non-disruptive conduct, No. CR 21-421 (JDB), 2022 WL 4130841, at *4 (D.D.C.

Sept. 12, 2022), the ruling is nevertheless correct because § 5104(e)(2)(G) targets disruptive

conduct, as argued in our previously filed response to defendants' initial motion to dismiss, ECF

No. 62 ("Gov. Resp."), at *10-13.  Further, contrary to defendants' assertion, *Nassif* held that

subsection (G) is constitutional even if it bans otherwise protected conduct.  For these reasons,

the Court should deny defendant's motion to reconsider.

I.  **Legal Standard**

A motion for reconsideration is available only "as justice requires."  *See United States v.*

*Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013).  And a court should grant a motion to

reconsider only if it "finds that there is an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Firestone v.*

*Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-

cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating similar "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order") (internal quotation marks and citation omitted).  As explained below, defendants fail to shoulder this burden.

## II.   The *Nassif* Decision Considered, And Rejected The Same Arguments The Defendants' Make

When a law restricts speech or expressive conduct in a nonpublic forum, the question is whether that restriction is reasonable.  To make this determination, courts look not at whether the law is the most or only reasonable way to achieve a stated goal, but simply whether the law is reasonable.  *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 808 (1985).  Courts view reasonableness in light of the purpose served by the forum, so long as the law is viewpoint neutral.  *United States v. Kokinda*, 497 U.S. 720, 730 (1990).  A law, however, may be unreasonable if the law prohibits non-disruptive conduct, or rather, conduct that does not hinder the government's purported interest.  *See, e.g.*, *Board of Airport Comm'rs of City of Los Angeles v. Jews for Jesus, Inc.*, 482 U.S. 569, 576–77 (1987) (holding unconstitutional a ban on all First Amendment activities in an airport).

As the government previously argued, Section 5104(e)(2)(G) targets disruptive conduct inside the Capitol Buildings.  Gov. Resp. at *10-13.  The operative verbs—parade, demonstrate, and picket—principally target conduct rather than speech, and those verbs are paired with the "willfully and knowingly" scienter requirements.  *See United States v. Williams*, 553 U.S. 285, 294 (2008) (focusing on scienter requirement in determining that the statute was not overbroad).  Further, analysis of the text itself indicates such restraint on the scope of the statute.  The header of Section 5104(e)(2) states that the statute covers "violent entry and disorderly conduct."  *See*

*Merit Mgmt. Grp., LP v. FTI Consulting, Inc.*, 138 S. Ct. 883, 893 (2018) (explaining that statute headers "supply cues" to Congress's intent).  Every other delineated subsection lists some form of unauthorized trespass, disruptive conduct, obstruction, or physical acts that would impede Congress.  *See* 18 U.S.C. § 5104(e)(2)(A)-(F).  Taken together, the section header and other subsections indicate that subsection (G) targets similarly disruptive conduct.

The *Nassif* court, however, declined to rule on the scope of this subsection.  2022 WL 4130841, at *4.  With this question of disruptive conduct set aside, *Nassif* conducted a rigorous First Amendment analysis of this law.  The court first concluded that the Capitol Building is a nonpublic forum and that the statute is viewpoint neutral.  *Id*.  Turning to the question of reasonableness, the court noted the purpose of the Capitol is to permit Congress to carry out its lawmaking responsibilities.  *Id.* at *5.  Congress, therefore, has an imperative to enact rules to ensure that the Capitol remains a place to legislate.  The limit on "parading, demonstrating, and picketing," Judge Bates concluded, is such a rule.  *Id.*

Defendants argue that because *Nassif* did not decide whether subsection (G) encompasses non-disruptive conduct, it fails to grapple with its impact on such conduct.  In doing so, defendants contend, the *Nassif* court's reasonableness analysis necessarily fails.  Mot. at *7-8.  This reading of *Nassif* is incorrect.  In its discussion of whether the statute is reasonable, the court lists a series of cases where the Supreme Court upheld total bans on otherwise protected First Amendment activity to conclude that there is a "permissive standard applicable to nonpublic forums."  2022 WL 4130841, at *5.[1]  Thus, the court considered the argument that the

---

[1] Although *Nassif* reserved on deciding the scope of subjection (G), the court also concluded that "[§ 5104(e)(2)(G)] targets activities that . . . *disrupt* [Congress's] legislative process."  2022 WL 4130841, at *5 (emphasis added).

subsection (G) is unconstitutional because it banned otherwise protected conduct and rejected it because of the permissive standard to regulate activities in nonpublic forums.

Nor does the defendants' reliance on *Bynum v. U.S. Capitol Police Board*, 93 F. Supp. 2d 50 (D.D.C. 2000), aid their argument.  As an initial matter, *Bynum*'s invalidation of a Capitol Police regulation—which was applied to an individual who was denied permission to pray inside the Capitol building—does not inform the statutory challenge that the defendants press here. Judge Friedman determined that Section 5104(e)(2)(G) was a reasonable, viewpoint neutral restriction in a nonpublic forum.  *Id.* at 56.  Specifically, he reasoned that, although the regulation went too far, Section 5104(e)(2)(G) itself set forth "legitimate purposes," *id.* at 57, that were "aimed at controlling only such conduct that would disrupt the orderly business of Congress—not activities such as quiet praying, accompanied by bowed heads and folded hands," *id.* at 58.  In short, Judge Friedman concluded that, unlike the regulation at issue in *Bynum*, the statute itself was not "substantial[ly]" overbroad relative to its "plainly legitimate sweep." *Washington State Grange*, 552 U.S. at 449 n.6 (internal quotation marks omitted).  In short, *Bynum*'s conclusion that Section 5104(e)(2)(G) passes constitutional muster did not depend on a construction of the statute to reach only disruptive conduct.

## III.  **Defendants' Novel Reasonableness Standard**

Defendants also misstate the standard of reasonableness.  In defendants' view, a statute must be "necessary or useful" to be reasonable under the First Amendment.  Mot. at *2.  They continue that subsection (G) is unreasonable because the remaining subsections are the "proper route" to regulate crowd management.  *Id.* at *2, *8.  This assertion, however, comes with no legal basis or jurisprudence to support this standard, *id.*, nor argument why that new standard should supplement or replace the nonpublic-forum reasonableness standard discussed in

*Cornelius*, 473 U.S. at 808.  The correct standard is whether the regulation is "reasonable; it need not be the most reasonable or the only reasonable limitation."  *Id.*

## <u>CONCLUSION</u>

For the above-stated reasons, the United States asks that the Court deny defendants' motion for reconsideration.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

<u>/s/ Ashley Akers</u>
Ashley Akers
Trial Attorney
MO Bar No. 69601
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 353-0521
Ashley.Akers@usdoj.gov

ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
601 D Street, N.W.
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov

November 21, 2022