**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No.  1:21-cr-719 (JEB)** |
| | **:** | |
| **CYNTHIA BALLENGER, and** | **:** | |
| **CHRISTOPHER PRICE,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

### GOVERNMENT'S MOTION TO PERMIT TRIAL WITNESS TO APPEAR BY VIDEO

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion to permit a trial witness to appear by video.

The government intends to call a witness, Lisa Elder, for the limited purpose of authenticating text messages between her and one of the defendants.[1] On March 2, 2023, the government served Ms. Elder with a trial subpoena.  Shortly thereafter, Ms. Elder contacted undersigned counsel.  Undersigned counsel has never spoke with Ms. Elder prior to March 2, 2023.  On the call, Ms. Elder acknowledged receipt of the subpoena and requested that she be permitted to appear by video for the following reasons: she does not like to come into Washington, D.C. (from Silver Spring, Maryland), she does not like to be around people, and she does not want to get sick.

The government is agreeable to Ms. Elder's request.  As such, as a matter of convenience to this witness whose trial testimony on direct examination will be very limited, the government respectfully requests that Ms. Elder be permitted to appear by video.  If this request is granted, the government will work with Ms. Elder to test her video capabilities prior to trial.

---

1 The government attempted to no avail to agree on a stipulation to the authenticity of these messages. As such, we believe it is necessary to call Ms. Elder as a witness.

If, however, the Court were to prefer the witness to appear in person, that approach is entirely acceptable to the government.  Here, the witness lives in very close proximity to the D.C. District Courthouse and it would not be unduly burdensome for the witness to appear.  However, given her request and the limited nature of her expected testimony, we believe that this testimony could be presented on direct examination by video in an efficient and effective manner.

Undersigned counsel conferred with defense counsel, and defense consents to this motion.[2]

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

/s/ Ashley Akers
Ashley Akers
Trial Attorney
MO Bar No. 69601
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 353-0521
Ashley.Akers@usdoj.gov

/s/ Andrew Haag
ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
601 D Street, N.W.
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov

---

[2] Defense also stated that it may seek to ask questions of Ms. Elder outside the limited scope of the government's direct examination.