UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYNTHIA BALLENGER, and<br>CHRISTOPHER PRICE,<br><br>   Defendants. | Case No. 1:21-cr-00719 (JEB) |

**DEFENDANTS' MOTION FOR CONTINUANCE OF SENTENCING HEARING**

Comes now Defendant Cynthia Ballenger (Cynthia Price) and Defendant Christopher Price, by and through undersigned counsel, respectfully requests for a continuance of the Sentencing hearing to such time as Chris completes radiation therapy as discussed below. Defendant's argue this in the interests of justice for the reasons discussed below. The Government objects to this motion as stated below.

Christopher Price previously had prostate cancer and his prostate removed. Christopher had a prostate-specific antigen (PSA) test in August, which showed elevated levels. Dr. Berkowitz (Chris's urologist) referred Chris to Dr. Gagnon, a radiologist. Chris and Cynthia met with Dr. Gagnon who recommended a PET scan. Chris and Cynthia met with Dr. Gagnon on September 19, 2023, where Dr. Gagnon went over the results and recommended a course of treatment. Dr. Gagnon identified that the prostate cancer likely had migrated to at least two lymph nodes. Dr. Gagnon recommended a 6-week course of radiation therapy, and possibly, hormone therapy. Chris has scheduled to start the radiation therapy October 4, 2023. Defense Counsel informed the government about these short points on September 19, 2023. A

subsequent letter from Dr. Gagnon is attached. The letter describes a daily treatment regimen. Radiation therapy comes with potentially significant side effects during and after treatment. The

Defendants believe a delay is in the interests of justice for the following reasons. First, Defendants should be given some time to consider their recommendations, legal arguments, and present any other relevant additional information in light of the new medical circumstances and treatment plan. Second, a delay will allow defendants the opportunity experience and consider the initial issues involved in addressing the recurrence of cancer, treatment, the operation of the small business that Chris is critical to, and the supervision of a 18-year old son living at their home during this time. While these can be discussed now, in the abstract, some experience on the issues by the Prices, would again provide better information for the Court to refine penalties under these circumstances. Third, the United States Probation Office (USPO) should be given an opportunity to incorporate this significant new health and medical information into a revised or supplemented report and sentencing recommendations. Fourth, a delay past November 1, 2023 would provide for the Court to directly apply the new sentencing guidelines which have at least two features relevant to the instant case. The first would involve a 2-point downward reduction in the guidelines under new guidelines section United States Sentencing Guidelines (USSG) §4C1.1. Adjustment for Certain Zero-Point Offenders (Effective November 1, 2023). The Prices both have zero criminal points and the Prices would argue they meet the other relevant criteria. The new guidelines will have a further addition that should guide the Court's sentencing analysis. There is a new application note for §5C1.1, note 10 (Effective November 1, 2023). This note states that for persons who receive an adjustment under §4C1.1 and their guideline range is in zone A or B of the sentencing table a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3) of §5C1.1, is generally appropriate. It is unlikely

Congress will act before November 1, 2023 to change these upcoming guidelines.  Defendants understand the Court has already considered §4C1.1 in other cases, but a delay here would provide for direct application or new rules in effect. Fifth, Defendants have been compliant with any Court conditions all the way back from before the trial (August 2021) and there is no harm or risk, in this respect, from a continuance.

The Defense consulted with the Government and understands the Government objects to the motion including because, understanding there is a medical issue, these sentencings have already been delayed far longer than typical.  Moreover, there is no compelling reason for these arguments to apply to Cynthia Price.

Dated: September 20, 2023

Respectfully submitted,

/s/ Nandan Kenkeremath

Nandan Kenkeremath
DC Bar 384732
2707 Fairview Court
Alexandria, Virginia 22311
703-407-9407

*Counsel for Defendants*