UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYNTHIA BALLENGER, and<br>CHRISTOPHER PRICE,<br><br>Defendants. | Case No. 1:21-cr-00719 (JEB) |

**DEFENDANTS' UNOPPOSED MOTION TO RECONSIDER AND RELATED MOTION TO EXTEND THE DEADLINE FOR FILING APPEAL**

Comes now Defendant Cynthia Ballenger (Cynthia Price) and Defendant Christopher Price, (together Defendants or the Prices) by and through undersigned counsel, respectfully moves this Honorable Court to reconsider or clarify two sections in the Statement of Reasons for Cynthia Ballenger (Price) [ECF 139] and Christopher Price [ECF 141].  Even if denied, this motion serves as objection for the record on the points herein.  As discussed below, Defendants argue that the Court should have addressed the objections to the presentence reports (PSR) that were filed by Defendants.  As further discussed below, Defendants seek an extension to file an appeal for any issue, including conviction and sentencing issues, in order to accommodate obtaining a transcript of the sentencing hearing to help resolution of the above issues.  The Defense has consulted with the Government, and the Government does not object to the filing of this motion.

The sentencing hearing in the instant case was held September 29, 2023. The Judgments [ECF 138 and 140] and Statements of Reasons [ECF 139 and 141] were filed October 3, 2023. However, The Electronic Court Filing (ECF) system did not send them to Defense Counsel until the early morning of Friday, October 6, 2023. Two screenshots of the same email indicating this are appended. To the recollection of Defense Counsel, the total offense levels determined by the Court for Cynthia Ballenger (Price) at the Sentencing hearing are lower than in the Statement of Reasons. The level in the Sentencing Report raises the question of whether the sentencing guideline level determined by the Court is based on application of USSG § 3C1.1. To the recollection of Defense counsel, the Court determined not to apply USSG § 3C1.1 to Cynthia Ballenger (Price). Further, Defense Counsel was of the understanding that the Court arrived at placing both Cynthia Ballenger (Price) and Christopher Price into Zone A by applying a 2-level downward reduction under USSG § 4C which, technically, goes into effect on November 1, 2023. While the net result on penalties may be the same by using a variance, placement in Zone A may preserve certain flexibilities under the Sentencing Guidelines. Such flexibility may or may not be important as the Court considers further information regarding the cancer treatment and outlook for Christopher Price. The Defense is in the process of reasonably trying to obtain the transcript of the Sentencing hearing. The Defense may or may not include sentencing issues on appeal for one or more of the Defendants. The Defense understands an actual review of the transcript could be important and that the

Defense's recollection and notes may involve a misunderstanding. The Defense can provide the transcript and, possibly, supplement or modify this motion, once the Defense obtains such transcript.

On an additional matter, Defendants continue their objections as set out in their respective hearing memoranda [ECF 131 and 132] and appendix styled Defendants' Additional Objections to Presentence Investigations Report and Recommendations with Cross-Reference to Main Memorandum in Aid of Sentencing]. The Court had ruled by minute order of July 24, 2023 that Defendant could include such objects in the Sentencing Memorandum. There are no discussions of these objections at all and only the statement that the Court adopts the presentence investigation report without change. As stated in the Memorandum in Aid of Sentencing of Christopher Price at page 5, [a]mong other items, under Federal Rule of Criminal Procedure 32 (f)(3)(B) the Court "must—for an disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. There is no evidence of what the Court's actual review is of Defendants' objections.

Defendants request the Court provide an actual point-by-point review of the objections. Here Defendants want to further ensure and preserve for the record their legal objections and legal arguments concerning the failures in the PSR and the Court's duties.

But for the above issues, and the Court's potential responses, both Defendants are prepared to file Notices of Appeal within 14 days of the September 29, 2023 hearing, which is very soon.  The Defense is not clear on whether the hearing—where the Court provided the statement of appeal rights or the date of the filing of the judgment, but Defendants planned to file based on the earlier date.  Indeed, defendants would like to file sooner.   However, Defendants are concerned that filing the notice of appeal may remove jurisdiction from the District Court to revise the record, should the Court agree to do so.  Based on these issues, Defendants believe good cause exist under both Federal Rule of Appellate Procedure 4(b)(4) and Federal Rule of Criminal Procedure 32(b)(2) to extend the deadline for filing an appeal with respect to all issues -- including conviction and sentencing-- by 28 days to November 10, 2023.

Dated: October 9, 2023

Respectfully submitted,

/s/ Nandan Kenkeremath

Nandan Kenkeremath
DC Bar 384732
2707 Fairview Court
Alexandria, Virginia 22311
703-407-9407

*Counsel for Defendants*