UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 1:21-cr-719 (JEB) |
| : | |
| CYNTHIA BALLENGER and : | |
| CHRISTOPHER PRICE, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE TO ORDER OF THE COURT
REGARDING DEFENDANTS' RELEASE PENDING APPEAL**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's inquiry regarding the possibility of the defendants' release pending appeal under 18 U.S.C. § 3145(c). Dec. 1, 2023, Minute Order. First, Section 3145(c) only applies to defendants convicted of a crime of violence or other offenses enumerated in 18 U.S.C. § 3142(f)(1)(A)-(C). As the defendants were not convicted of one of these predicate offenses, they cannot seek relief under the "exceptional reason" provision of Section 3145(c).

Second, even if Section 3145(c) was applicable to this case, the subsection only lowers the applicable standard for release pending appeal to the same standard imposed on all other defendants. Therefore, the defendants would still be required to demonstrate that their appeal would materially change their convictions or sentences. As the defendants have failed to do so, the Court must order their detention pending appeal.

**DISCUSSION**

During the pendency of the imposition or execution of a sentence, the Court must detain a defendant unless it finds by clear and convincing evidence that they are not a flight risk and do not pose a danger to the community. 18 U.S.C. § 3143(a)(1). Where a defendant has filed an appeal,

the Court must detain the defendant unless the Court makes the same finding stated in Section 3143(a)(1) and a separate finding that:

> [T]he appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(A)-(B).

However, if a defendant was convicted of an offense within an enumerated list of offenses, federal law imposes a heightened burden on a defendant seeking release pending imposition or execution of a sentence. 18 U.S.C. § 3143(a)(2) (citing 18 U.S.C. § 3142(f)(1)(A)-(C)). These offenses include crimes of violence, federal crimes of terrorism, capital crimes, and offenses under the Controlled Substances Act. *Id.* Under Section 3143(a)(2), the Court "shall" detain the defendant unless it makes the same finding regarding flight risk and danger to community, and a finding that "there is a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i), (a)(2)(B). In the alternative, if the government does not seek a term of imprisonment, the Court may also release the defendant if they are not a flight risk or danger to the community. 18 U.S.C. § 3143(a)(2)(A)(ii), (a)(2)(B). Where the defendant has filed an appeal to one or more of the same set of enumerated offenses, the Court must detain the defendant if a term of imprisonment is imposed. 18 U.S.C. § 3143(b)(2).

This heightened burden, however, has a safety valve for exceptional circumstances. Specifically, where a defendant is "subject to detention pursuant section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1)," the Court may order their release "if it is clearly shown that there are exceptional reasons why [the defendant's]

2

detention would not be appropriate." 18 U.S.C. § 3145(c).[1] By its own terms, this safety valve only applies to defendants subject to detention for a conviction of an offense enumerated in 18 U.S.C. § 3142(f)(1)(A)-(C). *See* 18 U.S.C. § 3143(a)(2), (b)(2). If a predicate conviction is at issue, the defendant must then demonstrate "exceptional reasons" for why their "detention would not be appropriate." 18 U.S.C. § 3145(c); *see United States v. Green*, 250 F. Supp. 2d 1145, 1147 (E.D. Mo. 2003) ("Once detained in accordance with § 3143(a)(2), an exception contained in § 3145(c) allows for release pending sentencing or appeal . . . ."). Upon such a proffer, the otherwise heightened burden imposed on the defendant is lowered to the standard burden placed on all other defendants. 18 U.S.C. § 3145(c) (requiring that the defendant "meet[] the conditions of release set forth in section 3143(a)(1) or (b)(1)[.]"). Put differently, even where the safety valve applies, the defendant still has the baseline burden when seeking release pending imposition or execution of a sentence, or an appeal of the conviction. *United States v. Lea*, 360 F.3d 401, 403 (2d Cir. 2004); *see also United States v. Garcia*, 340 F.3d 1013, 1015 (9th Cir. 2003) (discussing the district court's application of Section 3143(b)(1) as part of the lower court's determination that Section 3145(c) did not apply).

During the status hearing on December 1, 2023, the Court understandably cited to a series of district court cases that discussed the potential applicability of Section 3145(c). Those cases, however, either erroneously applied the safety valve provision or are not comparable to this case. In *United States v. Banta*, for example, the defendant pleaded guilty to a single count of bank fraud under 18 U.S.C. § 1344. 165 F.R.D. 102, 102 (D. Utah 1996). In his motion for release pending appeal, the defendant argued that the sentencing court incorrectly raised his Guidelines range and

---

[1] There appears to be some disagreement among district courts as to whether a district court or only the circuit court may grant relief under this subsection. *See United States v. Meister*, 744 F.3d 1236, 1237-39 (11th Cir. 2013) (citing cases). The government assumes, without conceding, that this Court has jurisdiction to issue this relief.

3

that a correct application of the Guidelines would lower or eliminate his prison sentence. *Id.* at 103. The court ruled that there was a likelihood of such a change in his sentence because there was a circuit split on the particular issue, and ordered the defendant released under Section 3143(b)(1). *Id.* at 104. Only after making the necessary findings under that subsection did the court reference Section 3145(c). *Id.* Although the defendant was not convicted of a predicate offense, the court found that "the possibility defendant may serve the imposed sentence of confinement before resolution of his appeal" was an exceptional reason for release. *Id.* The *Banta* court, however, did not appear to acknowledge the structural split within Section 3145(c). By contrast, the Tenth Circuit case cited by the *Banta* court in support of its finding under Section 3145(c) involved an offense under the Controlled Substances Act. *Banta*, 165 F.R.D. at 104 (citing *United States v. Jones*, 979 F.2d 804, 805 (10th Cir. 1992)). Therefore, that defendant properly raised the safety valve provision. *See also Green*, 250 F. Supp. 2d at 1147, 1150-51 (upholding the detention under Section 3143(a)(2) of a defendant convicted of Controlled Substances Act offenses after finding that the defendant failed to proffer exceptional reasons for release); *United States v. Tobacco*, 150 F. Supp. 3d 1051, 1052-54 (D.S.D. 2015) (same).

In this case, the defendants were convicted of four offenses: entering or remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1), disorderly or disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2), disorderly conduct in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D), and parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). None of these offenses are enumerated under 18 U.S.C. § 3142(f)(1)(A)-(C). Therefore, the safety valve provision of Section 3145(c) does not apply, and the Court need not examine whether the defendants' current circumstances present "exceptional reasons" to warrant their release pending appeal.

The question before this Court, regardless of whether "exception reasons" exist, is thus whether the defendants have met their burden for release pending appeal under § 3145(b)(1). As the Court alluded to during the status hearing on December 1, 2023, the defendants' arguments are unavailing. Specifically, the defendants have not established that their appeal "is not for the purpose of delay and raises a substantial question of law or fact" that would lead to the vacatur of their convictions. 18 U.S.C. § 3143(b)(1)(B)(i)-(ii); *see* ECF Nos. 112 and 126 (government's opposition to and the Court's order denying the defendants' post-trial motions for judgment of acquittal and new trial). Similarly, as the defendants' argument that their appeal would likely result in the reduction or elimination of their terms of imprisonment is simply that their convictions are invalid, rather than that there was a defect in the sentencing proceedings, they have also failed to establish the other avenues for release under 18 U.S.C. § 3143(b)(1)(B)(iii)-(iv). *Cf. Banta*, 165 F.R.D. at 103-04.

The defendants briefly argue that because their "current sentence is less than the expected duration of the current appeal process," any "reduction would mean a sentence that is less than the expected duration of the current appeal process." ECF No. 152 at 4. This argument is similarly unavailing and could create an unintended downstream effect for defendants detained with a pending appeal. Under this theory, any defendant who was sentenced to a term of imprisonment for a period of time less than the undeterminable length of the appeals process would be entitled to release pending appeal. There is no indication that Congress intended to create such a sweeping automatic rule by burying it four subsections down in this statute. *See Whitman v. American Trucking Ass'ns*, 531 U.S. 457, 468 (2001) (Congress "does not . . . hide elephants in mouseholes."). Indeed, such a rule has no clear limits where the length of the appeals process varies on a case-by-case basis. Thus, the Court should decline the defendants' invitation to expand the class of individuals entitled to release pending appeal given the vague applicability of the

proposed rule with no clear statement from Congress to support it. Rather, the correct reading of the statute is that the defendants must show that their appeal is likely to result in a sentence shorter than the one already imposed by this Court. 18 U.S.C. § 3143(b)(1)(B)(iii)-(iv). As the defendants have not met this burden, the Court must detain them pending appeal.

## CONCLUSION

For these reasons, the United States respectfully requests that the Court deny the defendants' motion for release pending appeal.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

/s/ Andrew Haag
ANDREW S. HAAG
Assistant United States Attorney
MA Bar No. 705425
601 D Street, N.W.
Washington, DC 20530
(202) 252-7755
Andrew.Haag@usdoj.gov

/s/ Ashley Akers
ASHLEY AKERS
Trial Attorney
MO Bar No. 69601
Detailed to the U.S. Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 353-0521
Ashley.Akers@usdoj.gov