UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CYNTHIA BALLENGER and<br>CHRISTOPHER PRICE,<br><br>Defendants. | Criminal Action No. 21-719 (JEB) |

### ORDER

After a bench trial, Defendants Cynthia Ballenger and her husband Christopher Price were convicted on March 21, 2023, see Minute Entry of Mar. 21, 2023, of four misdemeanor counts related to their conduct in the January 6, 2021, insurrection. While their cases were on appeal, President Trump pardoned all of those involved, which led the Court of Appeals to order that the judgment of this Court be vacated and the cases remanded for dismissal. See ECF Nos. 171 (Ballenger Mandate); 172 (Price Mandate). This Court promptly complied. See Minute Order of Feb. 5, 2025. Defendants now move for the return of the assessments ($70 each) and restitution ($500 each) imposed. See ECF No. 173 (Mot.) at 1. Although the Government agrees that return is appropriate, see ECF No. 175 (Resp.) at 2, the Court does not and will deny the Motion.

The Court need not embark on a lengthy exegesis of this issue because it agrees with and adopts in full the analysis of Judge Randolph Moss of this district, who has just reached the same outcome in an identically postured case. In United States v. Santos, No. 21-47 (D.D.C.), Judge Moss denied the defendant's motion for refund of his assessment (also $70), restitution (also

1

$500), and fine (not applicable in our case).  Id., ECF No. 111 (Mem. Op. & Order) at 1–2. There, too, the restitution was awarded to the Architect of the Capitol.  Even though the Government there also concurred in the request, Judge Moss determined that Knote v. United States, 95 U.S. 149 (1877), controlled.  Id. at 4–8.  He pointed to Knote's holding that "'[h]owever large . . . may be the power of pardon possessed by the President,' it 'cannot touch moneys in the treasury of the United States, except expressly authorized by act of Congress,' in accordance with the Appropriations Clause."  Id. at 5 (alterations in original) (quoting Knote, 95 U.S. at 154).  As a result, "[a]s Knote made clear, a pardoned individual is not 'entitle[d]' to payments that have already been deposited into the United States Treasury, absent congressional authorization to withdraw the funds."  Id. at 7 (second alteration in original) (quoting Knote, 95 U.S. at 152).

      The Court accordingly ORDERS that Defendants' [173] Motion is DENIED.

                                                       /s/ *James E. Boasberg*
                                                      JAMES E. BOASBERG
                                                      Chief Judge

Date:  June 30, 2025