UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00719-JEB |
| | : | |
| **CYNTHIA BALLENGER, and** | : | |
| **CHRISTOPHER PRICE,** | : | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING REFUND OF FEES AND RESTITUTION (ECF No. 177)**

Defendants Cynthia Ballenger and Christopher Price respectfully submit this Notice of Supplemental Authority pursuant to Local Civil Rule 7(o) to bring to the Court's attention significant intervening authority decided after the filing of their Motion for Reconsideration on July 14, 2025.

On August 27, 2025, the Honorable Judge John D. Bates issued a detailed opinion in *United States v. St. Cyr*, No. 22-185 (JDB) (D.D.C. Aug. 27, 2025)[ECF 138 in St. Cyr], granting a motion to refund special assessments and restitution following vacatur of a conviction after a presidential pardon. Judge Bates concluded that vacatur restores the presumption of innocence and extinguishes the government's

1

legal basis to retain funds collected pursuant to the vacated judgment. Applying *Hewitt v. United States*, 145 S. Ct. 2165 (2025), *Nelson v. Colorado*, 581 U.S. 128 (2017), and other precedents, the court held that the refund is required and payable from the Judgment Fund under 31 U.S.C. § 1304.

In reaching this conclusion, Judge Bates expressly reviewed *Hewitt* and *Nelson* and analyzed the series of prior district court decisions denying similar refund requests:

- *United States v. Sullivan*, No. 21-cr-78 (RCL), 2025 WL 1444392 (D.D.C. May 20, 2025) (refund denied)

- *United States v. Vargas*, No. 21-cr-47 (RDM), 2025 WL 1786681 (D.D.C. June 27, 2025) (refund denied)[1]

- *United States v. Ballenger & Price*, No. 21-cr-719 (JEB) (June 30, 2025) (refund denied)

- *United States v. Hager*, No. 21-cr-381 (TSC), 2025 WL 1886135 (D.D.C. July 3, 2025) (refund denied)

- *United States v. Sutton*, No. 21-cr-598 (PLF), 2025 WL 2149396 (D.D.C. July 15, 2025) (refund denied)

---

[1] Judge Moss denied a motion to reconsider, holding that no intervening change in controlling law justified reconsideration. See *United States v. Vargas Santos*, No. 21-cr-47 (RDM) (D.D.C. July 25, 2025). The ruling preceded the decision in *St. Cyr*, which not only represents intervening authority but also directly addresses *Hewitt* and the earlier denials—including *Vargas* itself—thus presenting a materially different posture for reconsideration

*St. Cyr* also reviewed and relied upon many of the same authorities cited in Defendants' Motion for Reconsideration, including:

- *Nelson v. Colorado*, 581 U.S. 128 (2017);
- *Hewitt v. United States*, 145 S. Ct. 2165 (2025);
- *Schaffer v. United States*, 240 F.3d 35 (D.C. Cir. 2001);
- *Fiswick v. United States*, 329 U.S. 211 (1946);
- *United States v. U.S. Coin & Currency*, 401 U.S. 715 (1971);
- *United States v. Morgan*, 346 U.S. 502 (1954);
- *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950);
- *United States v. Anderson*, 509 F.2d 724 (D.C. Cir. 1974);
- *Ajrawat v. United States*, 79 F.4th 266 (4th Cir. 2023);
- *Knote v. United States*, 95 U.S. 149 (1877);
- *Burdick v. United States*, 236 U.S. 79 (1915);
- *United States v. Flynn*, 507 F. Supp. 3d 116 (D.D.C. 2020);
- *United States v. Noonan*, 906 F.2d 952 (3d Cir. 1990).

The substantial overlap in authorities demonstrates a broader review consistent with Defendants' Motion to Reconsider.

Judge Bates also characterized the pardon issue as a "red herring", emphasizing that the dispositive legal event is the vacatur itself. The opinion explains that the legal consequences of vacatur do not depend on why the conviction was vacated, and that a presidential pardon neither diminishes nor alters the obligation to refund

funds collected under a vacated judgment. In doing so, *St. Cyr* directly rejects the central premise underlying this Court's earlier ruling.

This decision represents intervening authority in this District directly addressing the same legal issue previously decided against Defendants in this case. *St. Cyr* postdates this Court's order and provides a fully reasoned rejection of the contrary rulings on which this Court's order relied.

Attachment: Exhibit A -- Judge Bates Opinion in *United States v St. Cyr* 1:22-cr-185 JDB (D.D.C 8/27/2025) [ECF 138]

October 21, 2025

Respectfully submitted,

/s/ Nandan Kenkeremath

Nandan Kenkeremath (DC Bar 384732)
2707 Fairview Court
Alexandria, VA 22311
703-407-9407